# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv98

| | |
|---|---|
| TODD MONTGOMERY FOREMAN, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| CHARLOTTE SCHOOL OF LAW (NC), INC., | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on plaintiff's Motion to Consolidate Service of Process and a document captioned "Appeal of Magistrate Judge Decision to District Court."

First, as to the motion to consolidate service of process, it appears that plaintiff is requesting leave to serve only the corporate entities and requesting that such service count as service of each defendant individually. For cause, plaintiff states that all the individual defendants were acting on behalf of the corporate defendants at the time of the alleged acts, but that he does not want to dissolve such defendants of individual liability.

The purpose of formal service of process is to alert an individual to the fact that he or she may be individually liable for some civil wrong. Where the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant. Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C.Cir.2002). Plaintiff's motion will be denied as the relief sought is unavailable.

Second, plaintiff has filed a document captioned "Appeal of Magistrate Judge Decision to District Court." Plaintiff takes issue with the Order issued by Honorable David S. Cayer, United States Magistrate Judge, denying plaintiff's request to seal his Complaint. In relevant part, Rule 72(a), Federal Rules of Civil Procedure, provides as follows:

> The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed.R.Civ.P. 72(a). For cause, plaintiff states that it was error for the court not to allow his 209 page *pro se* Complaint to be sealed after it was filed as it contains confidential and sensitive personal information. What plaintiff overlooks, however, is that having filed a pleading arguably containing personal identifiers, he has waived any protection:

> **(h) Waiver of Protection of Identifiers.**
> A person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal.

Fed.R.Civ.P. 5.2(h). Thus, not only has plaintiff failed to show that Judge Cayer's decision was "clearly erroneous or contrary to law," Judge Cayer's decision is wholly consistent with applicable law and the Local Civil Rules of this court that govern the sealing of documents.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiff's Motion to Consolidate Service of Process (#4) is **DENIED,** and "Appeal of Magistrate Judge Decision to District Court" (#7) is **DENIED**.

Signed: March 21, 2011

Max O. Cogburn Jr.
United States District Judge