# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv98

| | |
|---|---|
| TODD MONTGOMERY FOREMAN, ) | |
| ) | |
|       Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| CHARLOTTE SCHOOL OF LAW (NC), ) | |
| INC., *et al.*, ) | |
| ) | |
|       Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the court on plaintiff's "Motion for Immediate Temporary Injunction." (#30). Plaintiff, who is proceedings *pro se*, states in support of such motion that he seeks such relief

> against Defendant Hill and Stone for their obvious misrepresentation of multiple legal summons issued in the name of [other named defendants] . . . . Additionally, with information and belief, Hill is not even authorized to receive service of process for Defendant Charlotte School of Law (NC), Inc. But accepted service by the Sheriff of Mecklenburg County for all parties misleading Plaintiff and the Court.

Motion, at 1. Plaintiff's motion suffers from a number of problems.

First, who is or is not authorized to accept service on behalf of another *individual* is not necessarily within plaintiff's knowledge. Second, that a person allegedly accepted service of process on behalf of another is generally a *favorable* event for plaintiff, as Rule 4(e), Federal Rules of Civil Procedure, provides as follows:

> Unless federal law provides otherwise, an individual — other than a minor, an incompetent person, or a person whose waiver has been filed — may be served in a judicial district of the United States by:

-1-

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
> > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > **(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there**; or
> > (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed.R.Civ.P. 4(e). Service of process is usually put in issue is when a *defendant* moves to dismiss based on Rule 12(b)(4) or (5), or where a plaintiff improperly obtains a default or default judgment based on defective service.

Finally, in moving for relief, plaintiff has invoked the provision of Rule 65(b), which provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> > (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> > (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed.R.Civ.P. 65(b). Plaintiff's motion is not verified, and does not show immediate and irreparable injury, loss, or damage. Indeed, the central wrong complained of may well not be a wrong at all and may latter be addressed, if ever, in an adversarial format, as discussed above.

Finally, in what appears to be requests unrelated to the service issue raised in the first paragraph of the motion, plaintiff requests in the second paragraph a

restraining order that would affirmatively replace certain administrators at the Charlotte School of Law with persons he suggests and believes to be more qualified. In the third paragraph, plaintiff seeks removal of other named defendants "from their positions of trust so freely given to them but so obviously abused and remove these persons from having any interaction with CharlotteLaw effective immediately pending litigation." Motion, at 2.

In all, such requests for injunctive relief are in no way actionable or justiciable under Rule 65(b) and are clearly frivolous. Even though it appears that such request does not cross the threshold of Rule 65(b), the court has, in an abundance of caution, conducted the required analysis under applicable case law, which has been in flux during the last year:

> Prior to the *Winter* [Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008)] decision, in the Fourth Circuit, preliminary injunctions and temporary restraining orders were governed by the standard articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.*, 550 F.2d 189 (4th Cir.1977). In *Real Truth About Obama, Inc. v. Federal Election Com'n*, 575 F.3d 342 (4th Cir. August 5, 2009), the Fourth Circuit concluded that the *Blackwelder* test stood in "fatal tension with the Supreme Court's 2008 decision in *Winter*." *Id.* at 346. In keeping with *Winter*, the Fourth Circuit found that first, a plaintiff must now show that he will "likely succeed on the merits" regardless of whether the balance of hardships weighs in his favor. *Id.* at 346. Also, the likelihood of success on the merits requires more than simply showing that "grave or serious questions are presented." *Id.* at 347. Second, the plaintiff must make a clear showing that he will likely be irreparably harmed absent preliminary relief. *Id.* That the plaintiff's harm might simply outweigh the defendant's harm is no longer sufficient. *Id.* The showing of irreparable injury is mandatory even if the plaintiff has already demonstrated a strong showing on the probability of success on the merits. *Id.* Third, the Court is admonished to give "particular regard" to the "public consequences" of any relief granted. *Id.* Finally, there no longer exists any flexible interplay between the factors, because all four elements of the test must be satisfied. *Id.*

White v. Miller, 2011 WL 1168045, 2 (D.S.C. Mar. 7, 2011).[1]

Reviewing plaintiff's motion based on such factors, the court concludes as follows: first, plaintiff has not shown any likelihood of success on the merits; second, he has made no showing of irreparable harm absent granting the injunctive relief; third, the balance of equities does not tip in plaintiff's favor as he has shown no equitable basis for granting such relief; and fourth, an injunction is not in the public interest because the relief sought would interfere with the orderly disposition of this case and also negatively impact operation of an institution of higher learning for no discernable reason.

Plaintiff's motion will, therefore, be denied for the reasons herein discussed.

* * *

While plaintiff is proceeding *pro se*, he is advised that the filing of a motion is taken very seriously by this court. This is the second clearly frivolous motion plaintiff has filed with this court, with the first being the appeal of Judge Cayer's Order denying plaintiff's motion to seal his own Complaint. Plaintiff is advised that litigation in federal court is serious business and that he should seek out and retain experienced counsel to assist him. Plaintiff is specifically cautioned that further frivolous filings may result in imposition of sanctions, which could include dismissal

---

[1] The court notes that Real Truth About Obama, Inc. v. Federal Election Com'n, 575 F.3d 342 (4th Cir. 2009), was vacated by the Supreme Court in Real Truth About Obama, Inc. v. Federal Election Com'n, ___ U.S. ___,130 S.Ct. 237 (Apr. 26, 2010) for further consideration in light of Citizens United v. Federal Election Comm'n, 558 U.S___, 130 S.Ct. 876 (2010), which dealt with First Amendment issues and not the standard for considering injunctive relief.

of this action.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's "Motion for Immediate Temporary Injunction" (#30) is **DENIED**.

Signed: April 8, 2011

Max O. Cogburn Jr.
United States District Judge